# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD SAUNDERS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 19-CV-2322<br>: |
| GEO GROUP, INC.,<br>*et al.*,<br>    Defendants. | :<br>:<br>:<br>: |

## **MEMORANDUM**

**PRATTER, J.**                                                                                                                                 **JUNE 5, 2019**

*Pro se* Plaintiff Richard Saunders, a prisoner confined at the George W. Hill Correctional Facility, has filed a civil rights Complaint and a Motion to Proceed *In Forma Pauperis*. The Defendants are GEO Group, Inc., Superintendent John A. Reilly, Jr., Warden David Byrne, Deputy Warden Mario Colucci, and Correctional Officer Kenneth. Because it appears that Mr. Saunders is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTS

Mr. Saunders asserts that on August 1, 2018 he was committed to George W. Hill Correctional Facility ("GWH") and forced for four days to sleep on the floor in the intake processing area with approximately 20 other inmates. (ECF No. 2 at 5.)[1] He claims that the area reeked of urine and inmates had to sleep near the toilet while others used it. (*Id.*) He was then moved to an intake block where he slept on the floor of a "boat" next to a toilet for 10 days with two other inmates. (*Id.*)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

On October 27, 2018, while housed on another block, Defendants Colucci and Kenneth announced that the water would be turned off for a short period. Mr. Saunders alleges that there was no water for three days while he was locked in his cell. (*Id.* at 5-6.) He claims that his cell began to leak waste and urine, he had to eat his meals in his cell under these conditions and could not wash himself. (*Id.* at 6.) On March 21, 2019, he fell of the top bunk, which was five feet high and had no safety rail. (*Id.* at 6-7.) He landed on the concrete floor and was bleeding from his ear and mouth. (*Id.* at 7.) He was sent to medical and required two stitches. (*Id.*) He was taken to an outside hospital due to concussion symptoms where he received a scan that confirmed he had a concussion. (*Id.*) He returned to GWH and was housed in the medical facility for 24 hours before being returned to his cell block with a "bottom bunk pass." (*Id.*) Defendant Kenneth informed him that his assigned cell already housed an inmate with a bottom bunk pass and Mr. Saunders was assigned a top bunk. (*Id.* at 7-8.) On March 27, 2019, he saw an ear specialist who told him that he had a hole in his ear drum and prescribed antibiotics. (*Id.* at 8.) On May 2, Mr. Saunders saw the same specialist complaining of headaches, and difficulty with sleeping and hearing. (*Id.*)

Mr. Saunders contends that the conditions of his confinement constituted deliberate indifference in violation of his Eighth Amendment and Fourteenth Amendment rights. (*Id.* at 10.) He seeks an injunction directing Defendants to install safety rails on top bunks, money damages for his having to sleep on the floor and where there was no running water. (*Id.* at 11-12.)

## II. STANDARD OF REVIEW

The Court will grant Mr. Saunders leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because Mr. Saunders is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

---

[2] However, because Mr. Saunders is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Involving Conditions of Confinement

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Because Mr. Saunders's status during his incarceration is not clear from his Complaint, the Court will analyze his allegations under both Amendments.

Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Because prison officials must ensure that both convicted inmates and pretrial detainees receive adequate food, clothing, shelter, and medical care, and must "'take reasonable measures to guarantee [their] safety[,]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)), a § 1983 plaintiff asserting a conditions-of-confinement claim must also allege that prison officials acted with deliberate indifference to that plaintiff's health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir.

2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer*, 511 U.S. at 837). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson*, 501 U.S. at 298; *Bell*, 441 U.S. at 538-39, 539 n.20).

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (stating that the Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement."). Such necessities include food, clothing, shelter, medical care and reasonable safety. *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). A prisoner must also establish that the defendants acted with deliberate indifference. *Farmer*, 511 U.S. at 835.

Mr. Saunders's conditions of confinement claim is based on his allegation that he was housed in the intake area where he had to sleep on a floor, "on a boat," near a toilet, and was later assigned to a top bunk with no safety rail. Mr. Saunders has not alleged a plausible constitutional violation because, while it is likely undeniable that his housing experiences were undesirable, he has not alleged that the overcrowded conditions or the lack of a bunk rail

5

deprived him of a basic need.[3] Nor do the conditions he describes, while far from ideal, constitute an objectively serious fundamental deprivation or punishment. Housing multiple inmates in a cell does not alone establish a constitutional violation. *See, e.g., North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."); *Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard v. Taylor*, 538 F.3d 229, 232-35 (3d Cir. 2008) (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment); *Walker v. George W. Hill Corr. Facility*, Civ. A. No. 18-2724, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding); *Collier v. Adams*, 602 F. App'x 850, 853 (3d Cir. 2015) (holding that lack of running water in his cell for 77 hours was not "sufficiently serious"); *Alpheaus v. Camden Cty. Corr. Facility*, Civ. A. No. 17-0180, 2017 WL 2363001, at *14 (D.N.J. May 31, 2017) (holding that 2-3 week inconvenience of no running

---

[3] Mr. Saunders also fails to describe how each named Defendant was personally responsible for the alleged harm he suffered as a result of the conditions he describes.

water in prison cell did not constitute denial of minimal civilized measures of life); *Rawls v. Gibbs*, Civ. A. No. 16-1438, 2019 WL 556667, at *3 (W.D. Pa. Feb. 12, 2019) (holding that lack of bed rails is not deliberate indifference). Thus, Mr. Saunders's Complaint fails to state a claim against Defendants GEO Group, Inc.,[4] Reilly, Byrne, Colucci and Kenneth with respect to his allegations about the physical conditions of his cell and the lack of a bunk rail. However, because Mr. Saunders may be able to cure some the defects the Court has noted, he will be permitted an opportunity to file an amended complaint.[5]

### B.  Deliberate Indifference Claims Involving Medical Needs

Mr. Saunders also seeks compensatory damages from Defendants Reilly, Colucci, and Byrne for the physical and emotional injuries he sustained when he fell from the top bunk. (ECF No. 2 at 12.) The Court interprets this demand to attempt to allege that these defendants were deliberately indifferent to his serious medical needs. So construed, the Court finds that the claim is not plausible. "Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official '(1) knows of a prisoner's need for medical

---

[4] In addition, his claims against GEO Group, Inc. are not plausible because, as a private corporation under contract to provide services at George W. Hill Correctional Facility, it may be liable under section 1983 only if its policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of section 1983); *French v. The GEO Grp., Inc.*, Civ. A. No. 18-4312, 2018 WL 4929859, at *2 (E.D. Pa. Oct. 10, 2018) ("The GEO Group acts under color of state law by providing services for the George W. Hill Correctional Facility.") Mr. Saunders has failed to identify any offending custom or policy, much less how such a custom or policy caused him constitutional harm.

[5] By way of the accompanying Order, Mr. Saunders will be permitted to file an amended complaint. Should he choose to continue the action by filing an amended complaint, Mr. Saunders should take care to comply with Rule 8 by providing enough information to put each named Defendant on sufficient notice to prepare a defense and also ensure that the Court is sufficiently informed to determine the issue.

7

treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Bearam v. Wigen*, 542 F. App'x 91, 92 (3d Cir. 2013) (per curiam) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)); *see also Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (per curiam) ("Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need."). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Mr. Saunders's deliberate indifference allegations are not plausible because they do not meet this well documented standard. He makes no allegation that any of the Defendants he names was aware of his need for medical treatment but intentionally refused to provide it, that there was an unconstitutional delay in receiving treatment due to some non-medical reason, or that the named Defendants prevented him from receiving needed or recommended medical treatment. Indeed, Mr. Saunders concedes that he received treatment at the prison after alerting the correctional staff that he had been injured. He also admits that he was taken to an outside hospital due to his concussion symptoms and kept in the prison medical ward for 24 hours upon his return. He later saw a specialist, was prescribed antibiotics, and continued to receive treatment into May 2019. Accordingly, his deliberate indifference to serious medical needs claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

C. **Claim Against C/O Kenneth**

Finally, Mr. Saunders seeks money damages against Defendant Kenneth "for the emotional injury resulting from the denial of equal protection rights." (ECF No. 2 at 12.) To the

extent that his claim may be interpreted to assert a Fourteenth Amendment denial of equal protection, the claim is not plausible. To state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) he is a member of a protected class; and (b) he was treated differently from similarly situated inmates. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Specifically, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir.2006). Mr. Saunders fails to allege he was a member of a protected class, that he was treated differently because of that membership, or that Defendant Kenneth lacked a rational basis for denying him a bottom bunk. Here, Mr. Saunders states that Mr. Kenneth denied him a bottom bunk because the bottom bunk was already occupied by another inmate with a bottom bunk pass.

To the extent that the claim against Mr. Kenneth may be interpreted as a claim for emotional injury due to his denying Mr. Saunders a lower bunk, the claim would also be implausible. The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury." *See* 42 U.S.C. § 1997e(e). The "physical injury" requirement of § 1997e(e) may be satisfied by a "less-than-significant-but-more-than-de minimis physical injury as a predicate to allegations of emotional injury." *Mitchell v. Horn*, 318 F.3d 523, 534 (3d Cir. 2003). No physical injury is alleged.

However, the PLRA "does not bar claims for nominal damages, punitive damages, or prospective equitable relief, such as injunctive or declaratory relief." *Joseph v. Asure*, Civ. A. No. 11-1255, 2012 WL 3613962, at *3 (M.D. Pa. Aug. 2, 2012), *report and recommendation adopted*, 2012 WL 3620376 (M.D. Pa. Aug. 21, 2012) (citing *Mitchell*, 318 F.3d 523 at 533-34). Here, Mr. Saunders's more-than-nominal money damages claim fails because he does not allege that he suffered a physical injury as a result of being denied a lower bunk by Defendant Kenneth.[6] He would be limited to nominal and/or equitable damages if he can satisfy the other substantive elements.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Saunders leave to proceed *in forma pauperis* and dismiss his Complaint. Mr. Saunders is granted leave to file an amended complaint in accordance with the Court's Order accompanying this Memorandum in the event he can cure the defects in his claims. An appropriate Order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

---

[6] Because Mr. Saunders may be able to cure the defects the Court has noted, he will be permitted an opportunity to file an amended complaint on the bottom bunk claim Equal Protection claim and emotional injury claim. The allegation that Mr. Kenneth, along with Defendant Colucci, "announced" the water would be shut off is denied for the reasons already stated with regard to Mr. Saunders's conditions of confinement claim for which he may also file an amended complaint.

10