# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD SAUNDERS,<br>    Plaintiff | :<br>:<br>: |
| v. | :    **CIVIL ACTION NO. 19-CV-2322** |
| | : |
| GEO GROUP, INC.,<br>*et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                                                     **OCTOBER 24, 2019**

Plaintiff Richard Saunders, who was convicted of retail theft, initiated this *pro se* civil action by lodging a complaint challenging the conditions of his confinement at George W. Hill Correctional Facility ("GWHCF"). In a Memorandum and Order docketed on June 10, 2019, the Court granted Mr. Saunders leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice as to all claims and all Defendants, and gave Mr. Saunders leave to file an amended complaint. (ECF Nos. 5 & 6.) In response to the Court's Memorandum and Order, Mr. Saunders submitted his Amended Complaint (ECF No. 10). For the following reasons, all but one of the claims alleged in the Amended Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTS AND PROCEDURAL HISTORY

In the original Complaint (ECF No. 2), Mr. Saunders named the GEO Group, Inc., Superintendent John A. Reilly, Jr., Warden David Byrne, Deputy Warden Mario Colucci, and Correctional Officer Kenneth as defendants. He alleged that on August 1, 2018 he was committed to GWHCF and forced to sleep on the floor in the intake processing area with

approximately 20 other inmates for four days. (ECF No. 2 at 5.)[1] He also claimed that the area reeked of urine and inmates had to sleep near the toilet while others used it. (*Id.*) Mr. Saunders also alleged that he was subsequently moved to an intake block where he slept on the floor in a "boat" next to a toilet for 10 days with two other inmates. (*Id.*) Mr. Saunders also alleged that on October 27, 2018, while housed on another block, Defendants Colucci and Kenneth announced that the water would be turned off for a short period. Mr. Saunders claimed that there was no water for three days while he was locked in his cell. (*Id.* at 5-6.) He also asserted that the plumbing in his cell began to leak waste and urine, he had to eat his meals in his cell under these conditions, and he could not wash himself. (*Id.* at 6.)

As set forth in the original Complaint, Mr. Saunders alleged that on March 21, 2019, he fell off the top bunk, which was five feet high and had no safety rail. (*Id.* at 6-7.) He asserted that he landed on the concrete floor and was bleeding from his ear and mouth, and that he was sent to the GWHCF medical facilities and required two stitches. (*Id.* at 7.) Mr. Saunders alleged that he was then taken to an outside hospital due to concussion symptoms where a scan confirmed he had a concussion. (*Id.*) As alleged in the original Complaint, Mr. Saunders then returned to GWHFC and was housed in medical for 24 hours before being returned to his cell block with a "bottom bunk pass." (*Id.*) Mr. Saunders alleged that upon returning to his cell block, Defendant Kenneth informed him that his assigned cell already housed an inmate with a bottom bunk pass and Mr. Saunders was assigned a top bunk. (*Id.* at 7-8.) Mr. Saunders also alleged that on March 27, 2019, he saw an ear specialist who told him that he had a hole in his ear drum and prescribed antibiotics. (*Id.* at 8.) Mr. Saunders asserted that, complaining of headaches, and difficulty with sleeping and hearing, he saw the same specialist again on May 2,

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

2019. (*Id.*) Based on those allegations, Mr. Saunders sought to pursue claims that the conditions of his confinement constituted deliberate indifference in violation of his Eighth Amendment and Fourteenth Amendment rights. (*Id.* at 10.)

By Memorandum and Order entered on June 10, 2019, the Court granted Mr. Saunders leave to proceed *in forma pauperis*, screened his original Complaint, and dismissed all of Mr. Saunders's claims against all defendants without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (ECF No. 5 at 1, 3, 10.) At that time, the Court determined that Mr. Saunders's original Complaint did not allege a plausible constitutional violation regarding the conditions of his confinement because he failed to allege that the overcrowded conditions or the lack of a bunk rail deprived him of a basic need, or that these conditions constituted an objectively serious deprivation or punishment. (*Id.* at 5-6.) The Court also noted that Mr. Saunders failed to describe how each named defendant was personally responsible for the alleged harm he suffered as a result of the conditions he described. (*Id.* at 6, n.3.) Accordingly, the Court concluded that Mr. Saunders's original Complaint failed to state a claim against Defendants GEO Group, Inc., Reilly, Byrne, Colucci and Kenneth with respect to his allegations about the physical conditions of his cell and the lack of a bunk rail. (*Id.* at 7.)

With respect to Mr. Saunders's Eighth Amendment deliberate indifference claim regarding his medical needs when he fell from the top bunk, the Court determined that Mr. Saunders had not alleged sufficient facts to state a plausible claim for relief under the Eighth Amendment deliberate indifference standard because he failed to allege that any named defendant was aware of his need for medical treatment but intentionally refused to provide it, that there was an unconstitutional delay in his receiving treatment for a non-medical reason, or that the Defendants prevented him from receiving needed or recommended treatment. (*Id.* at 7-

8.) The Court specifically noted that Mr. Saunders conceded that he received treatment after alerting correctional staff of his injuries, that he was taken to an outside hospital where he was treated for concussion symptoms, that he was kept in the prison medical ward for 24 hours upon returning from the hospital, and that he was later seen by a specialist who prescribed antibiotics and continued treatment through May 2019. (*Id.* at 8.)

Finally, the Court addressed Mr. Saunders's claims against Corrections Officer Kenneth. As alleged in the original Complaint, the Court interpreted Mr. Saunders's claim against Kenneth regarding the denial of a bottom bunk as a Fourteenth Amendment denial of equal protection claim. (*Id.* at 9.) The Court determined that Mr. Saunders had failed to allege sufficient facts to state a plausible equal protection claim because he did not allege that he was a member of a protected class, that he was treated differently because of his membership in such a class, or that Officer Kenneth lacked a rational basis for denying him a bottom bunk. (*Id.*) The Court, in construing Mr. Saunders's original Complaint liberally, also considered the plausibility of Saunders's claim against Officer Kenneth to the extent he sought damages for an emotional injury based on the denial of a bottom bunk. (*Id.*) The Court concluded, however, that in light of the Prison Litigation Reform Act's requirement of a physical injury, Mr. Saunders's claim, as pled, failed because he sought damages only for emotional injuries and failed to allege a physical injury. (*Id.* at 10.)

However, the Court granted Mr. Saunders leave to file an amended complaint in order to try to cure the defects noted in the Memorandum. (*Id.* at 7, 10.) The Court admonished Mr. Saunders that any amended complaint should comply with Rule 8 and must provide enough information to put each defendant on sufficient notice to prepare a defense and to ensure that the Court was adequately informed to determine the issue. (*Id.* at 7, n.5.) By Order entered on

4

August 15, 2019, the Court granted Mr. Saunders an additional 30 days to file an amended complaint. (ECF No. 8 at 1.) Mr. Saunders timely filed the Amended Complaint. (ECF No. 10.)

## II. STANDARD OF REVIEW

Because Mr. Saunders is proceeding *in forma pauperis*, the Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Amended Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit Court of Appeals recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it

5

does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

In the Amended Complaint, Mr. Saunders again seeks to bring claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Involving Conditions of Confinement

With respect to Mr. Saunders's conditions of confinement claim, the Amended Complaint fares no better than the original Complaint in alleging a plausible claim for relief. The Court has carefully reviewed the Amended Complaint, and although it is a different

6

than the original, the allegations Mr. Saunders makes are a near-verbatim replica of those alleged in his original Complaint.[2] Accordingly, the Amended Complaint suffers from the same deficiencies the Court identified in the June 10, 2019 Memorandum, and again fails to state a plausible claim. Moreover, Mr. Saunders again fails to describe with any specificity how each named defendant was personally responsible for the alleged harm he suffered as a result of the conditions he describes. Thus, Mr. Saunders's Amended Complaint also fails to state a claim against Defendants GEO Group, Inc., Reilly, Byrne, Colucci and Kenneth with respect to the conditions of his confinement. Because Mr. Saunders was given an opportunity to cure the defects in his conditions of confinement claims and failed to do so, the Court concludes that further attempts at amendment would be futile. Accordingly, these claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Deliberate Indifference Claims Involving Medical Needs

Much like his original Complaint, Mr. Saunders again seeks to bring an Eighth Amendment deliberate indifference claim relating to his fall from the top bunk. (ECF No. 10 at 11-12.) Yet again, however, the Amended Complaint sets forth no new allegations regarding this claim and in facts repeats every allegation he made in the original Complaint with respect to his injuries and the provision of medical treatment he received. Like the original Complaint, the allegations in the Amended Complaint do not plausibly state a deliberate indifference claim. He again concedes that he: (1) received treatment at the prison after alerting the correctional staff that he had been injured from a fall from his bunk including stitches for a split lip; (2) was taken

---

[2] These conditions include the overcrowding, sleeping on the floor in the intake area, on a "boat", near a toilet, being assigned to a top bunk with no safety rail, the odors of the facility, having to eat his meals in these "unhealthy" and "unsanitary" conditions, and the water being shut off for three days. (ECF No. 10 at 5, 7, 9-10.)

7

to an outside hospital due to his concussion symptoms where he received a scan and pain medication; (3) was kept in the prison medical ward for 24 hours upon his return from the hospital; and (4) subsequently saw a specialist regarding a hole in his ear drum, was prescribed antibiotics, and continued to receive treatment into May 2019. (ECF No. 10 at 11-12.) As with his original Complaint, there are no allegations that any of the named defendants were aware of his need for medical treatment but intentionally refused to provide it, that there was an unconstitutional delay in receiving treatment due to some non-medical reason, or that the named defendants prevented him from receiving needed or recommended medical treatment. Accordingly, his deliberate indifference claim with respect to his fall from the top bunk will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because any additional amendment would be futile.

### C. Claim Against Corrections Officer Kenneth

The only noteworthy difference between Mr. Saunders's original Complaint and the Amended Complaint is with respect to the conduct by Corrections Officer Kenneth allegedly denying Mr. Saunders a bottom bunk. Specifically, rather than alleging an Equal Protection claim under the Fourteenth Amendment or seeking damages for emotional injuries, Mr. Saunders now alleges that Officer Kenneth acted with deliberate indifference to Mr. Saunders's serious medical needs in violation of his Eighth Amendment rights by failing to secure a bottom bunk for Mr. Saunders. (ECF No. 10 at 13.) Specifically, Mr. Saunders contends that, at the conclusion of his 24 hour stay in the prison's medical ward after his fall from the top bunk, he was "given a special need[s] pass and a bottom bunk pass[.]" (*Id.*) He was then told to go to housing Unit 7B where he encountered Officer Kenneth who "assigned [Mr. Saunders] to cell 102[.]" (*Id.*) Upon arrival, Mr. Saunders alleges that he "explained to [Officer Kenneth] that [he

had] a special need[s] pass and was assigned to the bottom bunk because of the injury [he] sustain[ed]" when he fell. (*Id.*) Mr. Saunders contends that Officer Kenneth denied him a bottom bunk and told Mr. Saunders "that there [was] someone already assigned to the bottom bunk so you have to get back on the top bunk." (*Id.*)

"Courts have found that it can be an Eighth Amendment violation where an inmate has a serious medical need requiring him to use the bottom bunk, but prison officials are deliberately indifferent to that need." *Whitehead v. Wetzel*, Civ. A. No. 14-51, 2016 WL 356809, at *7 (W.D. Pa. June 2, 2016) (citing *Wall v. Bushman*, 639 F. App'x 92, 95 (3d Cir. 2015) (reversing grant of summary judgment where disputed issue of material fact existed from which a rational factfinder could conclude that prison doctor recklessly disregarded prisoner's need for a lower-bunk assignment or denied the lower-bunk assignment for non-medical reasons)); *see also Guilfoil v. Pierce*, Civ. A. No. 06-493, 2009 WL 688957, at *5 (D. Del. Mar. 16, 2009) ("Refusal of prison officials to assign an inmate with a herniated disc to a bottom bunk may constitute deliberate indifference if the inmate's condition is sufficiently serious.")

Construing Mr. Saunders's allegations liberally and accepting the facts as true, Mr. Saunders has set forth a plausible claim for relief against Officer Kenneth for denying him a bottom bunk — which was medically ordered as a result of his treatment for a concussion — for a non-medical reason (i.e., another prisoner was already assigned to the bottom bunk of that cell). *See, e.g.*, *Whitehead*, 2016 WL 3561809, at *7 (denying motion to dismiss inmate's Eighth Amendment deliberate indifference claim against prisoner healthcare administrator where he asserted that he was denied bottom bunk status by administrator even though she knew he met the bottom bunk criteria and was under an order to be in the bottom bunk); *Guilfoil*, 2009 WL 688957, at *5-8 (denying summary judgment in favor of defendants where inmate was denied

9

medically ordered bottom bunk status for six months despite repeated attempts by inmate to receive bottom bunk assignment in accordance with prison procedures). Accordingly, the Court will permit this claim to proceed and direct service upon Defendant Kenneth.

## IV. CONCLUSION

For the foregoing reasons and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court will dismiss the Amended Complaint with prejudice because further amendment would be futile with respect to all claims and all Defendants, with the exception of Mr. Saunders's Eighth Amendment deliberate indifference claim against Defendant Corrections Officer Kenneth. The Court will direct service of the Amended Complaint on Defendant Corrections Officer Kenneth. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER, J.